KANSAS PACKING Co., INC., Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, December 4, 1953.

*Klein, Wiler & Gottlieb* for plaintiff.

*Denis M. Hurley, Corporation Counsel (Anthony Curreri* of counsel), for defendants.

STEUER, J. Plaintiff is a wholesale dealer in meats, including corned beef briskets, the particular product in question here. Plaintiff does not process this product but buys it from those

who do. The bulk of plaintiff's purchases are bought from producers outside the State. In the period from January 1, 1952, to September 1, 1953, the out-of-State purchases amounted to about 77% of its total purchases of this product. The meat when purchased is kept by plaintiff until sold and, while it may be sold to anyone, the proof shows that a very large proportion is sold for consumption outside the State, though some of these buyers accept delivery within the State.

The purpose of the action is to have section 140a of the Sanitary Code of the City of New York declared unconstitutional. As far as material here, this section provides that it shall be unlawful to bring into the city of New York or to have, keep, sell or offer to sell any processed beef if it contains added water greater than 10% of the weight of the meat.

Plaintiff complains of this section as an undue burden on interstate commerce and as an attempt by local authority to regulate a field appropriated by the Federal Government by Federal statute and regulation. The Federal regulation in question is an amendment to part 17 of the Meat Inspection Regulations of the Department of Agriculture (Code of Fed. Reg., Cum. Supp., tit. 9, § 17.8, subd. [c], par. [52]) which provides that the application of curing solution to beef briskets shall not result in an increase in the weight of the uncured product of more than 20%.

No question of the proper promulgation or force of the Federal regulation is raised. Nor is any point made that on the particular point involved the subject matter of the two enactments differs in any way. The question therefore is whether the Federal law having fixed a maximum of the 20% of curing solution in a corned beef brisket, the municipality has the authority to reduce that maximum to 10%.

There can be no doubt that the ordinance by its terms includes products that are the subject of interstate commerce and that in the particular instance under review the plaintiff is engaged in interstate commerce. Nor is it disputed that the Federal Government has actually regulated in the field and is actively enforcing its regulations.

The city ordinance is defended on the ground that a more stringent requirement is a proper exercise of the police power. A colorable case for this claim can be made out in various expressions in decided cases based upon particular facts which would be tedious to review. But a State or municipal statute must fall if in terms or practical administration it either conflicts with the Federal law or infringes on its policy (*Quaker*

*Oats Co.* v. *City of New York,* 295 N. Y. 527). This ordinance does both. In terms it prohibits importation of a product which has received the *imprimatur* of approval from that authority. In practice it renders nugatory the inspections conducted by the Federal authority and effectually substitutes a different standard. Trading pursuant to the sanction thereby given is infringed upon to an extent that can render it impossible.

The statute is therefore unconstitutional and the plaintiff is entitled to a judgment so declaring.